UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REINALDO JIMENEZ SALAZAR,<br>A 098-267-977,<br><br>Petitioner,<br><br>v.<br><br>ANDREWS, et al.,<br><br>Respondents. | No. 1:26-cv-6091 TLN AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal immigration detainee, filed a habeas corpus action pursuant to 28 U.S.C. § 2241. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons discussed below, the undersigned will deny petitioner's motion to appoint counsel (ECF No. 3) and recommend that the petition be granted, petitioner released from detention, and that respondents be enjoined from re-detaining him absent specific constitutional procedures.

I. Factual Background[1]

Petitioner, a native and citizen of Mexico, was placed in removal proceedings and applied for cancellation of removal before his removal proceedings were administratively closed in 2013.

[1] Because respondents did not deny petitioner's factual allegations in the response to the petition, the facts contained therein are deemed admitted and will be relied upon, unless the record reflects contrary facts. See ECF No. 8; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

ECF No. 1 (Petition) at 5, 9 (Response to the Petition) at 6 (Unverified Record of Deportable/Inadmissible Alien). On May 19, 2026, upon petitioner's release from jail on a misdemeanor charge, Immigration and Custom Enforcement ("ICE") officers detained petitioner. ECF Nos. 1 at 13, 12 at 9 (Minute Order, Case No. 26-16851 M, violation date May 18, 2026), 13 at 7 (same). Petitioner has remained in immigration custody since, see ECF Nos. 10 and 11, and has not received a bond hearing before a neutral adjudicator. ECF No. 1 at 2, 7, 13, 14, 19.

During his time in the United States, which spans at least 17 years, petitioner started a family. Id. at 6; ECF No. 9 at 6 (petitioner served a Notice to Appear and placed in 240 removal proceedings). Prior to his detention, he worked at a warehouse and was the primary income earner for his family, which includes his mother, wife and five children. ECF No. 1 at 6.

II. Procedural History

On August 3, 2026, the court received the petition for writ of habeas corpus, along with a motion to appoint counsel. ECF Nos. 1, 3. The undersigned liberally construed the petition to assert two due process violations—one based on petitioner's prolonged detention and another based on the revocation of petitioner's prior release—and directed respondents to file a response. ECF No. 1. The court ordered that the response

> shall substantively address whether there are any factual or legal issues that materially distinguish it from the court's prior orders in Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), Mohammad S. v. Andrews, No. 1:26-cv-0590 TLN CSK, 2026 WL 480095 (E.D. Cal. Feb. 20, 2026), Gonzalez v. Warden, California City Detention Facility, No. 1:26-cv-2804 DC CSK, 2026 WL 1760117 (E.D. Cal. June 18, 2026), adopted in part 2026 WL 1893723 (E.D. Cal. July 1, 2026), Estrada-Samayoa v. Cruz, No. 1:26-cv-1565 EFB, 2026 WL 445347 (E.D. Cal. Feb. 17, 2026), Sergio S.M. v. Noem, No. 1:25-cv-01973 KES HBK, 2025 WL 3768206 (E.D. Cal. Dec. 31, 2025), R.D.T.M v. Wofford, No. 1:25-cv-1141 KES SKO, 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025) and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable.

Id. Respondents were warned that "[t]he court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id.

////

////

Respondents filed a response and petitioner filed a reply and two supplemental filings to his petition. ECF Nos. 9, 12-14.[2] The matter is deemed submitted.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

A. Overview

Respondents' three-sentence response to the amended petition concedes that there are no factual or legal issues which materially distinguish this case from Ayala Cajina, Mohammad S., Gonzalez, Estrada-Samayoa, Sergio S.M., R.D.T.M or other similar cases previously decided by this court. See ECF No. 9. Respondents also acknowledge the Ninth Circuit's recent ruling under which "§ 1226(a) governs Petitioner's detention" and that petitioner is accordingly "entitled to seek a custody redetermination hearing before an immigration judge," but nevertheless assert—directly contrary to that authority—that petitioner was detained pursuant to

[2] Petitioner's most recent supplemental filing presents new claims under the Fourth Amendment and the Administrative Procedure Act. ECF No. 14. Because petitioner has not sought nor been granted leave to file supplemental claims or amend the petition pursuant to Federal Rule of Civil Procedure 15, and because the new claims seek the same or similar relief as the due process claims addressed in these findings and recommendations, at this time, the undersign does not consider any of the new claims.

§ 1225(b)(2)(A) and that § 1225(b)(2)(A) governs petitioner's detention. Id. at 1-2.

The only contested issue with respect to petitioner's due process claims—based on the revocation of release and prolonged detention without a bond hearing—is the remedy. Respondents note that "petitioner has criminal history" and argue, without citing legal authority, that "although this case is not substantively distinguishable from the cases cited in the Court's order (Dkt.7), this is a case where the court has commonly granted bond." ECF No. 9 at 1. Respondents thus appear to argue that the appropriate remedy for this due process violation is a bond hearing, rather than release.

B. Procedural Due Process Violation Based on the Revocation of Release

In Ayala Cajina, Mohammad S., Gonzalez, Estrada-Samayoa, Sergio S.M., and R.D.T.M, noncitizen petitioners alleged (in some cases among other things) a procedural due process violation based on the revocation of their release without pre-deprivation procedures. See Ayala Cajina, 2025 WL 3251083, at 2-5; Mohammad S., 2026 WL 480095, at *2-5; Gonzalez, 2026 WL 1760117, at *4-6; Estrada-Samayoa, 2026 WL 445347, at *5-6; Sergio S.M., 2025 WL 3768206, at *2-4; R.D.T.M., 2025 WL 2686866, at *4-6. In Ayala Cajina and Mohammad S., the petitioners were apprehended upon entry and were subsequently released on parole and re-detained without pre-deprivation procedures. In Gonzalez, Estrada-Samayoa, Sergio S.M., and R.D.T.M., the petitioners were apprehended upon entry or within the United States, released from immigration custody, and their removal proceedings were administratively closed to allow them to remain in the United States and apply for immigration relief. Gonzalez, 2026 WL 3768206, at *1; Estrada-Samayoa, 2026 WL 445347, at *1; Sergio S.M., 2025 WL 3768206, at *1; R.D.T.M., 2025 WL 2686866, at *2.

In each case, the court found that the petitioner had a liberty interest in continued freedom from detention based on their prior release; the private interest was substantial because each had a prior determination that they were not a danger to the community or a flight risk; the risk of erroneous deprivation absent pre-deprivation procedures was high (even, in Ayala Cajina, despite

////

////

pending criminal charges); and that pursuant to the Mathews balancing test,[3] due process required notice and a hearing prior to petitioner's re-detention. The undersigned adopts and incorporates by reference the analysis in those cases, and accordingly finds that petitioner's procedural due process rights were violated by the failure to provide a pre-deprivation hearing in relation to the revocation of his release. See Ayala Cajina, 2025 WL 3251083, at *3-5; Mohammad S., 2026 WL 480095, at *2-5; Gonzalez, 2026 WL 1760117, at *4-6; Estrada-Samayoa, 2026 WL 445347, at *5-6; Sergio S.M., 2025 WL 3768206, at *2-4; R.D.T.M., 2025 WL 2686866, at *4-6; see also Sharma v. Warden of Golden State Annex Det. Facility, No. 1:25-cv-1861 AC, 2026 WL 1162718, at *5 (E.D. Cal. Apr. 29, 2026) ("[T]his court has [routinely] found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released, . . . the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered.") (quoting Hernandez Gonzalez v. Warden, California City Corr. Ctr., No. 1:26-cv-2630 DC AC, 2026 WL 1069555, at *1 and collecting cases).

As to remedy, the undersigned joins the majority of judges of this court who have found that the failure to have provided constitutionally mandated pre-deprivation procedures warrants release and an injunction against re-detention absent procedural protections. See Ayala Cajina, 2025 WL 3251083, at 5; Mohammad S., 2026 WL 480095, at *5; Estrada-Samayoa, 2026 WL 445347, at *6; Sergio S.M., 2025 WL 3768206, at *4; R.D.T.M., 2025 WL 2686866, at *6, 8. Here—where petitioner's administrative removal proceedings were administratively closed, he was allowed to remain free in the United States for well over a decade, he was re-detained after

---

[3] When a liberty interest is at stake, the court considered three factors to determine what process is due. Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Id.

being released from jail on pending misdemeanor charges, and respondents do not claim that petitioner's pending criminal charges trigger mandatory detention under 8 U.S.C. § 1226(c) or make petitioner a danger or flight risk, or that other urgent circumstances warranted immediate detention without pre-deprivation procedures—the appropriate remedy is release from detention and an injunction against re-detention absent pre-deprivation procedures. See ECF No. 1 at 5 (petitioners' removal proceedings were administratively closed); ECF No. 9 at 5, 6 (respondents' unverified Record of Deportable/Inadmissible Alien[4] indicates petitioner encountered immigration officials in January 2009, was placed in removal proceedings before an immigration judge, those proceedings were administratively terminated in October 2013, and petitioner was detained by immigration officers after he was arrested for criminal charges in May 2026).[5]

The undersigned adopts the reasoning of Ayala Cajina, 2025 WL 3251083, at 5; Mohammad S., 2026 WL 480095, at *5; Estrada-Samayoa, 2026 WL 445347, at *6; Sergio S.M., 2025 WL 3768206, at *4; R.D.T.M., 2025 WL 2686866, at *6, 8; and Wistong F. v. Immigr. & Customs Enf't, No. 1:26-cv-03399 TLN DMC, 2026 WL 1361794, at *2 (E.D. Cal. May 15, 2026), and recommends release as the appropriate remedy.

### C. Procedural Due Process Based on Prolonged Detention Without a Bond Hearing

Respondents fail to address petitioner's due process claim based on his detention without

---

[4] Petitioner contests information contained in the Record of Deportable/Inadmissible Alien. ECF Nos. 12, 13. Because the issues contested are not relevant to the resolution of this habeas petition, the court need not resolve the disagreement and only references the document to note it is unverified and further supports the court's finding that the facts are analogous to those of the cases cited by this court.

[5] To the extent petitioner was not previously released from immigration custody and ICE merely made a decision "not to detain" petitioner when he was placed in removal proceedings, the undersigned finds the decision "not to detain" equivalent to a decision to release for purposes of the procedural due process analysis and that a violation has occurred. See Oliveira Tinoco v. Albarran, No. 1:26-cv-05505 DC CKD, 2026 WL 2949219 (E.D. Cal. Oct. 1, 2026) ("The court is persuaded by Petitioner's argument that "the government['s] . . . decision not to detain a noncitizen, whether by releasing them after detention or by never detaining [them] in the first place, despite being aware of their presence in the United States, ... creates a protected liberty interest.") (collecting cases).

a post-deprivation hearing. Instead, respondents focus on a statutory claim under 8 U.S.C. § 1226(a) and the holding in Rodriguez Vazquez, which did not resolve a due process claim. See ECF No. 9.

Recently, however, this court has addressed this claim in analogous cases. See Ramirez Godinez v. Warden of California City Det. Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251 (E.D. Cal. Aug. 21, 2026), findings and recommendations adopted in 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026); Garcia Flores v. Warden, Mesa Verde Det. Facility, No. 1:26-cv-5387 DC AC, 2026 WL 2494915 (E.D. Cal. Aug. 25, 2026), findings and recommendations adopted in 2026 WL 2594117 (E.D. Cal. Sept. 2, 2026); Perez Lopez v. Cruz, No. 1:26-cv-6294 DC AC, 2026 WL 3016133 (E.D. Cal. Oct. 7, 2026), findings and recommendations pending.

The petitioners in Ramirez Godinez, Garcia Flores, and Perez Lopez, noncitizens who had resided in the United States for several years before they were detained by ICE, asserted that their detention without a bond hearing violated their due process rights under the Fifth Amendment Due Process Clause. Ramirez Godinez, 2026 WL 2455251, at *1; Garcia Flores, 2026 WL 2494915, at *1; Perez Lopez, 2026 WL 3016133, at *3. In analyzing their claims, the court explained that noncitizens have a liberty interest in their freedom from detention, even if it is not coextensive with the liberty interest of a United States citizen. Ramirez Godinez, 2026 WL 2455251, at *3; Garcia Flores, 2026 WL 2494915, at *3; Perez Lopez, 2026 WL 3016133, at *3. The court found that the first factor under the Mathews v. Eldridge test[6]—private interest—was significant because petitioner has resided in the United States for a period of time and developed familial and community ties during that time. Ramirez Godinez, 2026 WL 2455251, at *3; Garcia Flores, 2026 WL 2494915, at *3; Perez Lopez, 2026 WL 3016133, at *4. The court also found that the second Mathews factor—risk of erroneous deprivation—was significant and concerning because petitioners were "deprived of the procedural protections available under § 1226(a)—to which [they were] entitled to under Rodriguez Vazquez and were deemed necessary to ensure a relatively small risk of erroneous deprivation in Rodriguez Diaz [v.

---

[6] See supra n.3.

Garland, 53 F.4th 1189, 1206 (9th Cir. 2022)]—and respondent had not argue petitioner[s] [were] a flight risk or danger to the community." Ramirez Godinez, 2026 WL 2455251, at *4; Garcia Flores, 2026 WL 2494915, at *4; Perez Lopez, 2026 WL 3016133, at *4. The court further found that the government's interest—the final Mathews factor—in detaining petitioner without a bond hearing was low because the effort and cost of a bond hearing is minimal and that it does not outweigh the substantial liberty interest and high risk of erroneous deprivation. Id.

Similarly here, despite his noncitizen status, petitioner has a liberty interest and that interest is substantial because he has resided in the United States for at least seventeen years and has started a life here with his wife and five children. The risk of erroneous deprivation is similarly significant because petitioner has not been afforded the procedural protection under § 1226(a) and its implementing regulations. At a minimum, petitioner has been deprived of a bond hearing for more than five months, despite entitlement to a bond hearing under § 1226(a) and despite the government's failure to assert he is a danger to the community or a flight risk. Lastly, the government's interest in detaining petitioner without affording him the procedures required under § 1226(a) is low, and does not outweigh petitioner's private interest or the risk of erroneous deprivation.

Considering the facts in this case, the undersigned finds petitioner's detention violates his procedural due process rights under the Fifth Amendment Due Process Clause based on his detention for five months without a bond hearing and recommends the petition also be granted on this claim and petitioner be immediately release from custody with an injunction protecting him from future re-detention absent pre-deprivation procedures. As explained by the undersigned in Ramirez Godinez, the appropriate remedy in a case like this, in which the court finds a violation of petitioner's procedural due process rights based on the deprivation of the procedures provided under 8 U.S.C. § 1226(a), is to release petitioner immediately and to enjoin respondents from re-detaining petitioner absent pre-deprivation procedures. See Ramirez Godinez, 2026 WL 2455251, at *5; Garcia Flores, 2026 WL 2494915, at *4-5; Perez Lopez, 2026 WL 3016133, at *4. "Anything short of this—such as giving the government an instant do over to follow the procedures required under § 1226(a) and its implementing regulations—would rubber stamp the

government's [constitutionally] unlawful conduct, which the undersigned cannot recommend." Ramirez Godinez, 2026 WL 2455251, at *5; Garcia Flores, 2026 WL 2494915, at *4-5; Perez Lopez, 2026 WL 3016133, at *4.

D. Motion to Appoint Counsel (ECF No. 3)

In light of the recommendation to grant the petition, the court will deny petitioner's motion to appoint counsel without prejudice.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to appoint counsel (ECF No. 3) is DENIED without prejudice.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED.

2. The court DECLARE petitioner's re-detention in May 2026 and continued detention without a bond hearing violated petitioner's rights under the Fifth Amendment Due Process Clause.

3. Respondents be ordered to IMMEDIATELY RELEASE petitioner REINALDO JIMENEZ SALAZAR, A 098-267-977, under the same conditions to which he was subject immediately prior to his re-detention. At the time of release, respondents must return all of petitioner's documents and possessions.

4. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

5. Petitioner's request for attorney's fees and costs be DENIED. No attorney filed an appearance in this matter.

6. All other pending motions, if any, be DENIED as MOOT.

7. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE