UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REINALDO JIMENEZ S.,[1]<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-6091-TLN-AC<br>A# 098-267-977<br>**RELEASE ORDER** |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 19, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 15.) Respondents filed objections to the findings and recommendations "for the reasons given in their Response." (ECF No. 16.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 15) are ADOPTED IN FULL.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.[2] The Court DECLARES Petitioner's re-detention in May 2026 and continued detention without a bond hearing violates Petitioner's rights under the Fifth Amendment Due Process Clause.

3. Respondents are ordered to IMMEDIATELY RELEASE Petitioner Reinaldo Jimenez S. (A# 098-267-977), under the same conditions to which he was subject immediately prior to his re-detention. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall file a **notice of compliance** with this provision of the Court's Order **within two (2) court days** of this Order.

4. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. Should Petitioner become subject to a final and executable order of removal, the government shall provide Petitioner a minimum of seven days' notice (counting from the date the removal order becomes final and executable) of any intent to execute the order and detain Petitioner.

---

[2] Petitioner's request for attorney's fees and costs is DENIED. No attorney filed an appearance in this matter.

5. The Clerk of the Court is directed to serve a copy of this Order on the **Golden State Annex**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: October 26, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE